THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **DAVILAH CRUZ,** *et al.***,**<br><br>      **Plaintiffs,**<br><br>      v.<br><br>**MUNICIPALITY OF LAJAS,** *et al.***,**<br><br>      **Defendants.** | **Civil No. 19-1119 (ADC)** |

**OPINION AND ORDER**

Before the Court is plaintiffs Davilah Cruz ("Cruz") and minor Deven Dasilva's ("Dasilva") (together, "plainitffs") motion for reconsideration. **ECF No. 114**. For the reasons set forth below, plaintiffs' motion for reconsideration is **DENIED**.

On September 30, 2021, this Court entered an Opinion and Order granting Marcos Martínez's, doing business as El Piñatón, ("Martínez") motion for summary judgment (**ECF No. 86**). **ECF No. 103**.[1] Therein, the Court held that Martínez (1) did not have a proprietary interest or otherwise control the two terraces and stairwells below the terrace where El Piñatón is located, and (2) did not own the pineapple structure located in the lower terrace. *Id.* The Court reached these findings after evaluating competent evidence to that effect, which Martínez submitted and plaintiffs failed to controvert or otherwise contest. *Id.*

Now, plaintiffs move for reconsideration.

---

[1] The factual and procedural background detailed in the September 30, 2021 Opinion and Order (**ECF No. 103**) is incorporated by reference herein.

## I. Legal Standard

A motion for reconsideration must "either clearly establish a manifest error of law or . . . present newly discovered evidence." *Marks 3 Zet-Ernst Marks GmBh & Co. KG v. Presstek, Inc.*, 455 F.3d 7, 15 (1st Cir. 2006). "Likewise, a motion for reconsideration should be granted if the court 'has patently misunderstood a party . . . or has made an error not of reasoning but [of] apprehension.'" *Ruiz-Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 81-82 (1st Cir. 2008) (quoting *Sandoval-Díaz v. Sandoval-Orozco,* 2005 WL 1501672, at \*2 (D.P.R. June 24, 2005)).

## II. Discussion

Plaintiffs' motion for reconsideration proves none of the above. Indeed, plaintiffs attempt only to establish that the Court (in holding that Martínez did not control the two terraces and stairwells below the terrace where El Piñatón is located) committed a manifest error of law when it determined that the word *terrace* can only refer to a single level of a structure containing multiple. **ECF No. 114** at 1-2. In making that determination, the Court observed that:

> A terrace is defined as a "a relatively level paved or planted area adjoining a building," "a flat roof or open platform," or a "a raised embankment with the top leveled." "terrace." *Merriam-Webster.com*. Merriam Webster, 2021. Web. 17 September 2021. None of these definitions describe a structure with three separate terraces, landings, and stairwells.

**ECF No. 103** at 8, fn. 3, and that

> Martínez submits the lease agreement he signed with Lajas, which only endorses and authorizes him to operate in "the new terrace adjacent to *Los Balcones* business …" **ECF No. 86-1.** It follows logically from the plain text of the lease agreement that Martínez only contracted with Lajas to operate his business in, and control, a

> single terrace – the top one – rather than three. Thus, control over the small bottom and middle terraces fall well outside of his purview.

*Id.* at 8.

Plaintiffs contest the Court's holding by providing alternate definitions for the word *terrace* that, in their view, contradict the Court's finding that the lease agreement can only refer to a single raised, leveled area. **ECF No. 114** at 3-7. Plaintiffs submit an entry in the Merriam-Webster dictionary that defines *terrace* as "one of *usually a series* of horizontal ridges made in a hillside…" *Id.* at 4 (emphasis added by plaintiffs). However, a simple reading of the provided definition is enough to surmise that it refers to a single ridge in the series, and that the series of ridges cannot be defined as a single terrace. Indeed, the operative words in that definition (and the ones that should be properly emphasized) are "one of." On that basis, the Court cannot find that a structure consisting of multiple ridges or raised, leveled areas can constitute a terrace, but rather that individual terraces can be grouped together in a serial fashion along a slope.

Two other definitions proposed by plaintiffs fare no better. Indeed, they both contain analogous language. One refers to a *terrace* as a "horizontal flat area of ground" that is "often *one of* a series, in a slope." *Id.* (emphasis added). The other should not be considered because it was submitted in the Spanish language, unaccompanied by a certified translation.[2] But even if it were, plaintiffs' makeshift, uncertified translation defines a *terrace* as "*each of* the flat spaces arranged as steps in the side of a mountain." *Id.* at 5 (emphasis added).

---

[2] The Court is unable to entertain materials filed in the Spanish language. All pleadings before the Court must be in the English language. See L. Civ. R. 5(g); 48 U.S.C. § 864.

As such, plaintiffs could only have a leg to stand on if the lease agreement characterized the area leased by Martínez in the plural, rather than in the singular. Accordingly, plaintiffs have failed to demonstrate that the Court committed a "manifest error of law." *Presstek, Inc.*, 455 F.3d at 15. Their motion for reconsideration thus necessarily fails.[3]

Besides, plaintiffs fail to acknowledge that Martínez submitted two sworn and notarized answers to plaintiffs' requests for admissions, which independently support the Court's finding that Martínez does not control the two terraces and stairwells below the terrace where El Piñatón is located. In the end, plaintiffs dug their own grave by neglecting to controvert Martínez's submissions of fact, duly supported by material of evidentiary value, and by failing to substantiate their own position with competent evidence.

### III. Conclusion

Based on all the above, plaintiffs' motion for reconsideration is **DENIED**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 1st day of November, 2021.

                                                    **S/AIDA M. DELGADO-COLÓN**
                                                    **United States District Judge**

---

[3] In addition to the aforementioned, plaintiffs submit an untranslated definition that defines *terrace* as an area adjacent to a restaurant or café where customers can sit outside. *Id.* at 4-5. That definition is improperly submitted (*see* fn. 2, *supra*), and inapplicable because the structure in question is not an area destined for the use of the customers of a restaurant to which the area is attached. Finally, plaintiffs state that a definition found in an architectural dictionary requires that terraces be "always open to the sky." *Id.* at 4. The definition is miscited and not included in the exhibits submitted to the Court. Thus, the Court had to go about locating it itself – only to find that plaintiffs egregiously editorialized the definition, which states that a *terrace* is "an open, often paved area connected to a house or building and serving as an a outdoor living area." Ching, F. D. K., *A Visual Dictionary Architecture Second Edition*, (2nd ed.) (2011), Wiley & Sons. This definition lacks a requirement that a terrace be open "to the sky," and does not foreclose the possibility that a terrace be partially covered while still being "open." Furthermore, that definition is inapplicable because it clearly refers to an area destined for residential use.