THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**DAVILAH CRUZ,** *et al.,*

    **Plaintiffs,**

    v.

**MUNICIPALITY OF LAJAS,** *et al.,*

    **Defendants.**

Civil No. 19-1119 (ADC)

**OPINION AND ORDER**

Before the Court is defendant the Municipality of Lajas's ('Lajas") motion for reconsideration. **ECF No. 115**. For the reasons set forth below, Lajas's motion for reconsideration is **DENIED**.

On October 1, 2021, this Court entered an Opinion and Order denying Lajas's motion for summary judgment (**ECF No. 90**). **ECF No. 105**.[1] Therein, the Court held that Lajas did not establish, as uncontested material facts, that Madera Events & Associates Corp. ("Madera Events") was a private contractor, and that Lajas was not negligent in the hiring of Madera Events. *Id.* at 4. Now, plaintiffs move for reconsideration.

A motion for reconsideration must "either clearly establish a manifest error of law or . . . present newly discovered evidence." *Marks 3 Zet-Ernst Marks GmBh & Co. KG v. Presstek, Inc.*, 455 F.3d 7, 15 (1st Cir. 2006). "Likewise, a motion for reconsideration should be granted if the

---

[1] The factual and procedural background detailed in the Opinion and Orders at **ECF Nos**. **103** and **105** is incorporated by reference herein.

court 'has patently misunderstood a party . . . or has made an error not of reasoning but [of] apprehension.'" *Ruiz-Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 81-82 (1st Cir. 2008) (quoting *Sandoval-Díaz v. Sandoval-Orozco*, 2005 WL 1501672, at *2 (D.P.R. June 24, 2005)).

Plaintiffs' motion for reconsideration proves none of the above. Lajas argues that, by joining Madera Events's statement of uncontested material facts and plaintiffs' response thereto, it sufficiently established that Madera Events acted as an independent contractor in this case. However, the Court already squarely rejected this argument. **ECF No. 105** at 4.

For good measure, the Court remains unswayed after renewed review of both Madera Events statement of uncontested material facts and plaintiffs' response thereto. **ECF Nos. 70** and **74**. Madera Events did not establish that it was Lajas's independent contractor, and plaintiffs did not admit that it was. The Supreme Court of Puerto Rico has set forth various factors that should be considered in order to determine the nature of the relationship between the parties; said factors are: "1) nature, extent, and degree of control of the principal; [...] 3) ownership of equipment; 4) power to hire and the right to fire; 5) manner of remuneration; 6) opportunity for profit and risk of loss, and 7) tax withholding." *Confederación Hípica De Puerto Rico, Inc. v. Confederación De Jinetes Puertorriqueños, Inc.*, 296 F. Supp. 3d 416, 426 (D.P.R. 2017); *S.L.G. Hernández–Beltrán vs. TOLIC*, 151 D.P.R. 754, 766 (2000); *Martínez Pérez v. U.C.B.*, 143 D.P.R. 554 (1997). There is no magic formula – whether an entity acts as an agent or as an independent contractor does not rest on any specific factor, but rather on the totality of the circumstances present in the fact-specific relationship between the parties. *See Fleming v. Robinson Aviation*

*(RVA), Inc.*, 2021 WL 2346059 at *9 (D.P.R. June 8, 2021) (DRD). Both Madera Events's statement of uncontested facts and plaintiffs' response thereto are silent as to any of the aforementioned factors in the relationship between Lajas and Madera Events.

Even if Lajas had established that Madera Events was an independent contractor, the inquiry would not end there. To free itself of liability at the summary judgment stage, Lajas needed to demonstrate that the independent contractor's negligence consisted of a failure to employ the ordinary and necessary safety measures to perform the work for which it was retained, that it could not foresee the independent contractor's negligence, or that it, in due diligence, made sure that the independent contractor had the necessary skills and experience to perform the work for which he has been retained. *See Fleming*, 2021 WL 2346059 at *9. Again, Lajas motion for summary judgment is devoid of these showings.

And, as plaintiffs point out, vicarious liability is not the sole source of liability pleaded against Lajas in this case. **ECF No. 26** at 7-9.

Lajas's motion for reconsideration must therefore fail.[2] Based on all the above, plaintiffs' motion for reconsideration is **DENIED**.

**SO ORDERED**.

In San Juan, Puerto Rico, on this 8th day of June, 2022.

                                                      **S/AIDA M. DELGADO-COLÓN**
                                                      **United States District Judge**

---

[2] Lajas filed a reply brief wherein it attaches, for the first time, a proposed statement of uncontested material facts. **ECF No. 125.** The same will not be considered – the time has long passed for Lajas to make such a filing.