THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**DAVILAH CRUZ,** *et al.,*

    **Plaintiffs,**

    v.

**MUNICIPALITY OF LAJAS,** *et al.,*

    **Defendants.**

**Civil No. 19-1119 (ADC)**

## OPINION AND ORDER

Before the Court is plaintiffs Davilah Cruz and minor D D's (together, "plaintiffs") motion for reconsideration. **ECF No. 132**. For the reasons set forth below, plaintiffs' motion for reconsideration is **DENIED**.

On September 30, 2021, this Court entered an Opinion and Order granting co-defendant Marcos Martínez's, doing business as El Piñatón, ("Martínez") motion for summary judgment (**ECF No. 86**). **ECF No. 103**.[1] Therein, the Court noted that it was "troubled by plaintiffs' lack of competent evidence and due diligence, disregard for the evidence provided by Martínez in discovery, and indifference to the time and resources taken from the parties and the Court." *Id.* at fn. 6.

Martínez subsequently moved for attorney's fees. **ECF No. 110**. In his motion, Martínez posited that, though the American Rule usually forecloses a prevailing party from collecting

---

[1] The factual and procedural background detailed in the September 30, 2021 Opinion and Order (**ECF No. 103**) is incorporated by reference herein.

attorney's fees from the loser, such an award is warranted when the losing party acted vexatiously or wantonly. *Id.* at 5-6. Plaintiffs did not oppose Martínez's motion for attorney's fees. On June 28, 2022, the Court granted Martínez's motion for attorney's fees. **ECF No. 128**.

Now, plaintiffs move for reconsideration of the order granting attorney's fees. **ECF No. 132**.

**I. Legal Standard**

A motion for reconsideration must "either clearly establish a manifest error of law or . . . present newly discovered evidence." *Marks 3 Zet-Ernst Marks GmBh & Co. KG v. Presstek, Inc.*, 455 F.3d 7, 15 (1st Cir. 2006). "Likewise, a motion for reconsideration should be granted if the court 'has patently misunderstood a party . . . or has made an error not of reasoning but [of] apprehension.'" *Ruiz-Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 81-82 (1st Cir. 2008) (quoting *Sandoval-Díaz v. Sandoval-Orozco*, 2005 WL 1501672, at *2 (D.P.R. June 24, 2005)).

**II. Discussion**

Plaintiffs' motion for reconsideration of the order granting attorney's fees proves none of the above. Plaintiffs do not present new evidence. And, they have not established that the Court committed a manifest error of law.

"Under the well-established American Rule, attorneys' fees are not recoverable by a party unless statutorily or contractually authorized. However, a court possesses inherent equitable powers to award attorneys' fees against a party that has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Mullane v. Chambers*, 333 F.3d 322, 337–38 (1st Cir. 2003)

(cleaned up). Here, the Court finds that plaintiffs acted wantonly. Indeed, as noted above, the Court emphasized in its opinion and order grating summary judgment in favor of Martínez that it was "troubled by plaintiffs' lack of competent evidence and due diligence, disregard for the evidence provided by Martínez in discovery, and indifference to the time and resources taken from the parties and the Court." **ECF No. 103** at fn. 6.

The Court will now, for good measure, expand on this finding:

At every relevant juncture of this case, Martínez stressed that he was not in control of the area where the accident in question in this case occurred – but still, plaintiffs trudged on. In fact, as the Court noted in its opinion and order, plaintiffs did not possess any evidence to show that Martínez was liable, and willfully ignored competent evidence that proved that he was not. **ECF No. 103**. To add insult to injury, once the Court dismissed all claims against Martínez, plaintiffs submitted a motion for reconsideration advancing unreasonable arguments which the Court denied by explaining trivial matters such as the the difference between singular and plural nouns. **ECF No. 114** and **116**.

In short, Martínez incurred great financial cost in defending himself from a blind campaign fueled by unsubstantiated claims. Allowing plaintiffs to take refuge behind the shield of the American Rule would not be in the interests of justice in the above captioned case.

To boot, plaintiffs did not oppose Martínez's motion for attorney's fees. As such, the arguments they now bring in their motion for reconsideration come far too late in the game – such a motion "does not provide a vehicle for a party to … advance arguments that could and

should have been presented to the district court prior to [a decision]." *Quality Cleaning Products R.C., Inc. v. SCA Tissue North America, LLC*, 794 F.3d 200, 208 (1st Cir. 2015) (*citing Emmanuel v. Int'l Bhd. of Teamsters, Local Union No. 25*, 426 F.3d 416, 422 (1st Cir. 2005); *Aybar v. Crispin–Reyes*, 118 F.3d 10, 16 (1st Cir. 1997)).

As such, plaintiffs' motion for reconsideration must be denied.

### III. Conclusion

Based on all the above, plaintiffs' motion for reconsideration (**ECF No. 132**) is **DENIED**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 14th day of October, 2022.

                                             **S/AIDA M. DELGADO-COLÓN**
                                             **United States District Judge**